In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00019-CV
______________________________


 
 
IN THE MATTER OF THE MARRIAGE OF 
KATHRYN LOUISE CASILLAS AND JOE VIDAL CASILLAS
 
 


                                              

On Appeal from the 76th Judicial District Court
 Camp County, Texas
Trial Court No. DV-05-122


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            On February 3, 2006, appellant, Joe Vidal Casillas, filed a notice of appeal. Since that time,
Casillas has taken no action: no docketing statement has been filed (see Tex. R. App. P. 32.1), no
brief has been submitted, and no filing fee or affidavit of indigency has been filed. On March 29,
2006, we notified Casillas that this appeal would be dismissed for want of prosecution and failure
to comply with various Rules of Appellate Procedure unless this Court received some response from
Casillas, by April 10, 2006. We have received no response.
             Pursuant to Tex. R. App. P. 38.8(a)(1), and 42.3(b), we dismiss this appeal for want of
prosecution. 
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          April 25, 2006
Date Decided:             April 26, 2006





ins v. State, 208 S.W.3d 469, 470 (Tex. App.--Texarkana 2006, no pet.);
Lackey, 881 S.W.2d at 420-21. 

 We do not believe the sentence was grossly disproportionate to the gravity of the offense, but
even if it was, there is no evidence in the record from which we could compare Jenkins' sentence to
the sentences imposed on other persons in Texas or on persons in other jurisdictions who committed
a similar offense. See Latham v. State, 20 S.W.3d 63, 69 (Tex. App.--Texarkana 2000, pet. ref'd);
Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App.--Texarkana 1995, pet. ref'd). Without such
evidence, the record before us does not support Jenkins' claim of demonstrable error. Cf. Jackson,
989 S.W.2d at 846 ("there is no evidence in the record reflecting sentences imposed for similar
offenses on criminals in Texas or other jurisdictions by which to make a comparison").

 There being no other issues before us, we affirm the trial court's judgment.


 Jack Carter

 Justice


Date Submitted: March 5, 2009

Date Decided: March 6, 2009


Do Not Publish


1. The trial court did not conduct a hearing on Jenkins' motion for new trial, which was
overruled by operation of law. See Tex. R. App. P. 21.8.